IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 3, 2022

## CALVIN DOUGLAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 12-05135        Carolyn W. Blackett, Judge
_____

### No. W2021-01401-CCA-R3-ECN
_____

Petitioner, Calvin Douglas, appeals from the Shelby County Criminal Court's summary dismissal of his petition for writ of error coram nobis, in which he alleged the existence of newly discovered evidence. Petitioner argues that due process requires tolling of the statute of limitations. Upon review, we determine that the petition was properly dismissed and affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Jason M. Matthews (on appeal and on coram nobis), Memphis, Tennessee, for the appellant, Calvin Douglas.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural and Factual History

Petitioner was indicted following a shooting that occurred on March 7, 2012, in Memphis. Following a jury trial, Petitioner was convicted of three counts of aggravated assault and one count of reckless endangerment with a dangerous weapon, and the trial court imposed an effective sentence of 20 years. *State v. Calvin Douglas*, No. W2014-

00505-CCA-R3-CD, 2015 WL 846754, at *1 (Tenn. Crim. App. Feb. 26, 2015), *no perm. app. filed.*

As relevant to the issue raised in this appeal, the following testimony was presented at Petitioner's trial:

Javaris Cole testified that on March 7, 2012, he walked to Perkins Grocery Store with his girlfriend, Tiera Nichols, and Ms. Nichols's sister, Anterrica Stokes. Before entering the store, Javaris heard [Petitioner] shout, "There go that n* * * * * there" from the backseat of car being driven by [Petitioner]'s sister, Jasmine Douglas. Javaris knew [Petitioner] from the neighborhood but did not know him personally and had not had any prior altercations with him. As the car drove away, [Petitioner] stated, "I'll be right back." Javaris followed the car down the street because he "wanted to know what was going on" and saw it stop at a stop sign nearby. [Petitioner] exited the car to talk to someone, and Javaris approached the car and asked Jasmine what was going on. Javaris then saw [Petitioner] take off his shirt, run toward the car, and begin fighting the person standing next to Javaris. Javaris attempted to break up the fight, but [Petitioner] tried to punch Javaris and a fight ensued between them. After several individuals broke up the fight, Javaris saw Ms. Nichols fighting with Jasmine.

Javaris testified that the police arrived and sounded their sirens, and the crowd scattered. The police officers did not speak to anyone before leaving the scene. Javaris, Ms. Nichols, and Ms. Stokes walked back toward the store. Chris Cole, Javaris's brother, approached them in the parking lot of the store and asked what happened. While talking to Chris, Javaris saw [Petitioner] running in the middle of the street toward him. Javaris saw [Petitioner] pointing a gun at him but thought [Petitioner] was shooting in the air because he did not "hear [any] bullet come past [his] ear." Javaris testified that he heard more than six shots. He assisted Ms. Nichols and Ms. Stokes over a gate behind the store to escape the gunfire and then fled to a nearby house. Javaris testified that approximately 10 minutes had passed between the fight and when [Petitioner] returned to the scene. He was "positive" [Petitioner] was the shooter.

*Id.*, 2015 WL 846754, at *1-2.

A panel of this Court affirmed the trial court's judgments on direct appeal. Petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied

relief. Petitioner then filed a "Motion to Reconsider" with the post-conviction court, in which he argued that the facts established during the post-conviction hearing supported a writ of error coram nobis on the basis of newly discovered evidence. The post-conviction court held a hearing on the motion, denied Petitioner's request for a new trial, and declined to toll the statute of limitations for a petition for writ of error coram nobis. Petitioner subsequently filed an untimely notice of appeal, and a panel of this Court dismissed his appeal. *Calvin Douglas v. State*, No. W2017-00762-CCA-R3-PC, 2018 WL 1151949, at *2 (Tenn. Crim. App. Mar. 2, 2018), *perm. app. denied* (Tenn. July 19, 2018).

On November 1, 2021, Petitioner filed a petition for writ of error coram nobis "on the grounds that he recently discovered the statement of a witness, Tiera Nichols, whose testimony directly contradicts the key witnesses at his trial, brothers Javaris and Chris Cole." Petitioner alleged in the petition:

> On September 30, 2021, Teaire Nichols[1] gave a written notarized statement that completely contradicts Javaris Cole's trial testimony. Ms. Teaire Nichols statement is, "I don't know nothing about an incident that involved me and my sister, I don't know nothing about a shooting that happened back in 2012 me or Anterrica Stokes never been shot at in 2012[.] I don't know how I got involved in this or how my name came in this – Teaire Nichols [phone number omitted]."

On November 2, 2021, the coram nobis court denied the petition without a hearing, finding that the petition "does not show why the evidence could not have been discovered in a more timely manner with the exercise of reasonable diligence. The statement could have been taken before trial in 2013."

Petitioner filed a timely notice of appeal from the court's order. On appeal, Petitioner contends that the coram nobis court erred in summarily dismissing his petition. Specifically, he asserts that due process requires the tolling of the statute of limitations and that the coram nobis court erred by finding that Ms. Nichols's statement could have been discovered in a more timely manner with the exercise of reasonable diligence. The State submits the coram nobis court properly dismissed the petition as untimely.

*Analysis*

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such

---

[1] We recognize the discrepancy in the spelling of Ms. Nichols's first name. Petitioner uses both spellings, "Tiera" and "Teaire," throughout his pleadings and his brief on appeal.

evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). "It may be granted only when the coram nobis petition is in writing, describes 'with particularity' the substance of the alleged newly discovered evidence, and demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *Payne v. State*, 493 S.W.3d 478, 484-85 (Tenn. 2016)).

"In order to qualify as newly discovered evidence, 'the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible.'" *Id*. (quoting *Payne*, 493 S.W.3d at 484-85). Relief for error coram nobis is only available "[u]pon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time." T.C.A. § 40-26-105(b). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id*. at 526.

The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *State v. Hall*, 461 S.W.3d 469, 496 (Tenn. 2015). If a petition for coram nobis relief is granted, the judgment of conviction will be set aside and a new trial will be granted. *Payne*, 493 S.W.3d at 485. "[C]oram nobis petitions with inadequate allegations are susceptible to summary dismissal on the face of the petition, without discovery or an evidentiary hearing." *Nunley*, 552 S.W.3d at 831.

In addition to the requirements regarding specificity, petitions for writ of error coram nobis are subject to a one-year statute of limitations. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670.

Due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. *Workman v. State*, 41 S.W.3d 100, 101-102 (Tenn. 2001). "To accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." *Nunley*, 552 S.W.3d at 828-29 (citations omitted). The petition must establish on its face either the timeliness of the petition or must "set forth with particularity facts demonstrating that the prisoner is entitled to equitable tolling of the statute of limitations." *Id*. at 829.

Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness," *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010).

Here, Petitioner filed his petition for writ of error coram nobis more than seven years after the judgments became final. *Calvin Douglas v. State*, 2018 WL 1151949, at *1. Petitioner argues that he is entitled to due process tolling of the statute of limitations because the statement by Ms. Nichols "did not exist until September 30, 2021." He argues that the coram nobis court erred by determining that Petitioner failed to demonstrate that the evidence could not have been discovered in a more timely manner with the exercise of reasonable diligence.

In his brief to this Court, Petitioner again fails to state why the statement could not have been timely obtained and only restates his assertions in his petition that "[Ms. Nichols's] statement did not exist at the time of trial and is in fact newly discovered evidence as it was just discovered by petition on September 30, 2021," and that "This statement is evidence of facts existing, but not yet ascertained, at the time of trial because Teaire Nichols did not testify at trial." These assertions do not explain why Ms. Nichols's statement could not have been discovered prior to trial. In fact, Ms. Nichols was one of the three aggravated assault victims, although she did not testify at Petitioner's trial. *Calvin Douglas*, 2015 WL 846754, at *5. Defendant's assertion that the statement by Ms. Nichols "did not exist before September 30, 2021" does not satisfy his burden to show that he could not have obtained the statement through the exercise of reasonable diligence.

We further point out that despite Petitioner's assertion in his petition that a copy of Ms. Nichols's notarized statement was attached to the petition, no such attachment appears in the record.[2] Even if a sworn affidavit had been presented with the petition, Ms. Nichols's statement is not evidence of actual innocence and, therefore, does not warrant due process tolling. *See Nunley*, 552 S.W.3d at 828-29. At most, Ms. Nichols's statement is evidence that contradicts the testimony of Javaris Cole, and generally, a petitioner cannot premise relief on evidence "which is merely cumulative or 'serves no other purpose other than to contradict or impeach.'" *Wlodarz v. State*, 361 S.W.3d 490, 499 (Tenn. 2012) (quoting *Hart*, 911 S.W.2d at 375), *abrogated on other grounds by Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016).

---

[2] "A motion or petition seeking a new trial based on newly discovered evidence must also be supported by affidavits." *Harris*, 301 S.W.3d at 152 (Koch, J., concurring).

Petitioner has not shown that he was without fault in failing to present the evidence sooner or that the exercise of reasonable diligence would not have led to a more timely discovery of the evidence. Accordingly, due process does not require a tolling of the statute of limitations, and the coram nobis court did not abuse its discretion in summarily dismissing the petition for writ of error coram nobis. Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the coram nobis court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE